**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **In re:** ) | |
|    **TBF Parking, LLC,** ) | **BK Docket No. 22-00784** |
|    *Debtor,* ) | **Ch. 7** |
| ) | **Judge Donald R. Cassling** |
| ) | **Trustee Catherine L. Steege** |

**Motion for Relief from Stay**
**As to Funds in Debtor's Chase Bank Account(s)**

Creditors the Teamsters Local Union No. 727 Pension Fund ("Pension Fund"), the Teamsters Local Union No. 727 Health and Welfare Fund ("Welfare Fund"), the Teamsters Local Union No. 727 Legal and Educational Assistance Fund ("Legal Fund"), the Parking Industry Labor Management Committee ("PILMC") and the Trustees of their respective Boards of Trustees (collectively the "Funds"), by and through their attorney William M. Tasch of CTM Legal Group, for their Motion for Relief from Stay pursuant to 11 U.S.C. § 362(d)(1) and (2), and FRBP 4001, states:

**Introduction**

1. The Funds seek relief of stay as to approximately $24,000 in funds held in the JP Morgan Chase Bank ("Chase") accounts of the debtor, TBF Parking. Prior to the filing of this case, the Funds perfected a statutory lien to the funds in Debtor's Chase accounts by virtue of an Illinois Citation to Discover Assets served upon Chase. Debtor is not proposing to reorganize and has offered no adequate protection with respect to the Funds' lien. Therefore, the Funds are entitled to relief from stay as to their lien on Debtor's Chase accounts.

**Jurisdiction and Venue**

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This matter is a core proceeding under 28 U.S.C. § 157(b)(2) and venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

1

**Background**

3. The Funds have a federal court judgment in the amount of $327,253.16 against debtor TBF Parking, LLC ("Debtor") entered September 27, 2021. The judgment was registered in the Circuit Court of Cook County, Illinois on December 15, 2021. **Exhibit A** is a copy of the federal judgment and registration in state court. The Funds' judgment arises from Debtor's failure to remit employee benefit contributions on behalf of its employees as required by the Employee Retirement Income Security Act ("ERISA"). *See Teamsters Local Union No. 727 Pension Fund, et. al. v. TBF Parking, LLC et. al.* N.D. Il. case no. 19-CV-04839.

4. On December 17, 2021 the Funds initiated citation proceedings to collect their judgment including, *inter alia*, a Citation to Discover Assets issued to Chase (the "Citation") as to Debtor's Chase accounts. The Citation is attached hereto as **Exhibit B**.

5. The Citation was served on Chase by several means, in accordance with Illinois law, including by certified mail on January 11, 2022. **Exhibit C**.

6. Chase filed a formal answer in response to the Citation. Its answer states that it is holding $23,822.18[1] of Debtor's funds. **Exhibit D**. In accordance with the Citation, Chase was required to hold these funds until further order of Court. *See* Ex. B, 735 ILCS 5/2-1402.

7. Debtor this Chapter 7 bankruptcy petition on January 24, 2022.

8. Debtor's Petition claims that the funds in its Chase account(s) are its sole asset, and proposes to distribute $0.00 to the Funds. Dkt. # 1.

---

[1] Debtor's petition in this case states the amount of the Chase funds is $24,020.00. If true, it most likely means that an additional $197.82 was placed into the Chase accounts between Chase's answer on January 11, 2022 and the date that Debtor filed its petition. Since Illinois citations impose a continuing lien, the Funds' citation lien will attach to any such funds as well. 735 ILCS 5/2-1402(m)(2) (citation constitutes a lien "upon all personal property belonging to the judgment debtor in the possession or control of the third party or which thereafter may be acquired or come due the judgment debtor and comes into the possession or control of the third party to the time of the disposition of the citation.").

2

## The Funds are Entitled to Relief from Stay

9. The Funds seek relief of stay so that they may enforce her secured interest to the funds in Debtor's Chase account(s).

10. Under Illinois law, citations to discover assets constitute a "lien on all of the judgment debtor's non-exempt personal assets and income in state and federal courts." *In re Kuzniewski*, 508 B.R. 678, 688 (N.D. Ill. Bankr. 2014); 735 ILCS 5/2-1402(m). 735 ILCS 5/2-1402(m) provides that a citation "becomes a lien" on such property that is perfected when served.

11. The citation statute is liberally construed toward its purpose of "giv(ing) the trial court broad powers to compel application of discovered assets or income to satisfy a judgment." *Eclipse v. U.S. Compliance Co.*, 381 Ill.App.3d 127, 133 (1st Dist. 2007).

12. 11 U.S.C. § 362(d) states in pertinent part:

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—
> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest;
> (2) with respect to a stay of an act against property under subsection (a) of this section, if—
> (A) the debtor does not have an equity in such property; and
> (B) such property is not necessary to an effective reorganization.

13. Relief of stay is justified under the circumstances of this case under § 362(d)(1) and (2).

14. As to 11 U.S.C. § 362(d)(1), there is cause for relief from stay in this instance because the Funds lack adequate protection for their citation lien. The Funds' judgment is $327,253.16 exclusive of post-judgment interest, attorneys fees, and costs incurred. Debtor has offered no adequate protection to the Funds and its plan proposes to pay the Funds $0.00. Debtor claims to have no assets other than the $24,000 or so funds in its Chase accounts. There is no chance that assets recovered in this case will be adequate to pay the Funds' claim.

15. Relief from stay is also justified under § 362(d)(2). Debtor has no equity in the asset at issue because the Funds' lien exceeds the amount in the account(s). Nor is this asset necessary to any effective reorganization for the Debtor. This is a Chapter 7, and no form of reorganization is being proposed or attempted.

**WHEREFORE**, the Funds respectfully request the Court enter an order modifying the automatic stay pursuant to section 362(d)(1) and (2) of the Bankruptcy Code to permit the Funds to obtain a turnover order for the funds in Debtor's Chase account(s); waiving the requirements of FRBP 4001(a)(3) and holding such modification of the stay will be effective immediately upon entry; and for such other relief as this Court deems necessary and proper.

> Respectfully Submitted:
> Creditors Teamsters Local Union No. 727 Pension Fund, Teamsters Local Union No. 727 Health and Welfare Fund, the Teamsters Local Union No. 727 Legal and Educational Assistance Fund, the Parking Industry Labor Management Committee and the Trustees of their respective Boards of Trustees,

William M. Tasch
CTM LEGAL GROUP
77 W. Washington, Ste 2120
Chicago, IL 60602
Ph. (312) 818.6730
Fx. (312) 492.4804
william.tasch@ctmlegalgroup.com
Bar No. 6304126

*/s/William M. Tasch*
One of their Attorneys